Judgment reversed, and <em>venire de novo</em> awarded.

## Livingston *against* Cox.

8 WS 61
202    136

Notes of evidence, taken by the judge in the course of a trial, are no part of the record, and they cannot be received, in a subsequent trial of the cause, as evidence of what an absent witness then testified, unless their accuracy be established by other proof.

In an action against an attorney at law, for negligence in conducting and prosecuting the claim of his client, the opinion of a witness as to the discretion exercised by the defendant cannot be given in evidence.

ERROR to the District Court of *Allegheny* county.

Thomas Cox against Thomas Livingston's Administrators. This was an action on the case against the defendant's intestate, who was an attorney at law, for negligence in the prosecution of a claim put into his hands for collection, whereby it was alleged to have been lost. The cause had been once tried before, when Martin Dubbs (who was now absent, no one knew where) was examined as a witness. Now the plaintiff offered in evidence the notes of the testimony given by Martin Dubbs on the former trial, as taken by the judge who tried the cause, after calling a witness who said " I believe Judge Dallas' notes contain substantially what he said on the trial." The defendants objected to the evi-

[Livingston v. Cox.]

dence, but the court overruled the objection and signed an exception.

The defendant on the trial proposed to ask a witness, who was intimately acquainted with the circumstances which attended what was alleged to be the negligence of the defendant's intestate, whether " it was his opinion that Mr Livingston exercised a sound discretion in reference to Mr Cox's claim." This was objected to by the plaintiff and overruled by the court, who sealed another bill of exception at request of defendant. These exceptions were the subjects of the errors assigned.

*Williams*, for plaintiff in error, cited, as to the first error, 4 *Binn.* 108; 7 *Serg. & Rawle* 163. As to the second error, 3 *Yeates* 527; *Greenl. Ev.* 488, 490; 3 *Stark Ev.* 1736.

*Dunlop*, contra, first error, 4 *Serg. & Rawle* 203; 17 *Serg. & Rawle* 409; 5 *Whart.* 156.

PER CURIAM.—Notes of evidence, taken by the judge in the course of a trial, are like the notes of counsel—memoranda for private use. They are no part of the record, except where they are incorporated in a bill of exceptions; and then only for purposes of review. It is no part of the judge's duty to take down the testimony accurately, or at all; and his notes, therefore, have not the sanction of his official oath. But testimony is to be received only when it comes under the sanction of a judicial oath, which is dispensed with only in very special cases. Without this, these notes would not have been received in the judge's lifetime; and by what rule of analogy can they become competent at his death? In the estimation of the law, the credibility which is vouched by a sacrifice of interest to truth, stands next to that which is vouched by an oath; consequently memoranda which were to the disadvantage of the party when they were made, are of necessity competent at his death, when nothing better remains: and this is one of the few exceptions to the preceding rule. There was no such voucher here. And such evidence would be extremely dangerous. The accuracy of a note-taker depends on his hability, patience, perseverance, and power to concentrate his attention on the point immediately before his eyes; but a judge who thinks he can discern the turning point at an early stage of the cause, will be apt to confine his care to those parts of the testimony which seem to bear more directly on it, and it would be unsafe to take his sketch of a part for even an outline of the whole. It is the habit, moreover, of some note-takers to write down testimony as it drops from the witnesses, word for word; while others, considering that their notes are taken not to perpetuate the evidence, but merely to serve for the occasion, content themselves with the substance. There is great difference in this

[Livingston v. Cox.]

respect; and notes of testimony ought to come to us fortified with the recollection, or at least with some account of the habitual accuracy, of the note-taker.   Mr Dunlop testified that he believed the notes of Judge Dallas contained substantially what was said by the witness; but he did not undertake to testify positively, nor was he competent to do so.

Neither was Mr Mahon's belief that Mr Livingston had judiciously exercised the professional discretion necessarily vested in him, in pursuit of the plaintiff's demand against Dubbs.   The proper exercise of such discretion depends not on technical skill, and it is therefore not a subject for the opinion of an expert.

Judgment reversed.